UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

THOMAS J. ALLEMAN,                          CIVIL ACTION
individually and on behalf of
his minor children, JUSTIN
ALLEMAN AND KAITLYN ALLEMAN,
ET AL.


VERSUS                                      NO: 05-1653 (c/w
                                            05-1654, 06-2620,
                                            06-2621 & 06-2622)

OMNI ENERGY SERVICES CORP.,                 SECTION: R(2)
ET AL.


## ORDER AND REASONS

Before the Court is plaintiffs' motion to transfer to the

Western District of Louisiana.  For the following reasons, the

motion is GRANTED.

**I.    BACKGROUND**

This consolidated litigation arises out of a December 17,

2004 accident that occurred when a helicopter owned and operated

by defendant and third-party plaintiff Omni Energy Services

Corporation attempted to land on an oil production platform

operated by W&T on the outer Continental Shelf in the Gulf of

Mexico.  Thomas Alleman and Mark Parker were injured as a result

of the accident.  Bert Hollier floated in the water for two hours
and died of a heart attack while being rescued.

Plaintiffs Thomas Alleman and Mark and Nancy Parker sued
Omni in the Eastern District of Louisiana on May 4, 2005 for
damages arising out of the accident.[1]  Plaintiffs Ronald and Mary
Fontenot, Sharon Gayle Hebert and Brian Lee Hollier, the heirs of
Bert Hollier (collectively, the "*Hollier* plaintiffs"),
subsequently sued Omni in the Western District of Louisiana on
December 22, 2005.[2]  On May 12, 2006, the *Hollier* actions were
"partially transferred" to this Court for consolidation with the
*Alleman* and *Parker* actions.  (*See* R. Doc. 171-4.)  They were
transferred "only with respect to the issue of liability."  (*Id.*)
The Western District "retain[ed] jurisdiction over the issue of
damages," and its order of transfer provided that "[o]nce the
liability issue has been fully adjudicated in the Eastern
District, the issue of damages will be tried in the Western
District of Louisiana."  (*Id.*)  The purpose of the transfer was

---

[1] These actions were captioned *Thomas J. Alleman, et al. v.
Omni Energy Servs. Corp.*, Civ. A. No. 05-1653 (E.D. La. filed May
4, 2005) and *Mark Parker et al. v. Omni Energy Servs. Corp.*, Civ.
A. No. 05-1654 (E.D. La. filed May 4, 2005).

[2] These actions were captioned *Ronald Lee Bert Fontenot et
al. v. Ernie Dale Smith et al.*, Civ. A. No. 05-2213 (W.D. La.
filed Dec. 22, 2005); *Sharon Gayle Hebert et al. v. Ernie Dale
Smith et al.*, Civ. A. No. 05-2226 (W.D. La. filed Dec. 22, 2005);
and *Brian Lee Hollier v. Ernie Dale Smith et al.*, Civ. A. No. 05-
2227 (W.D. La. filed Dec. 22, 2005) (collectively, the "*Hollier*
actions").

to "avoid the risk of inconsistent judgments and for the sake of judicial economy." (*Id.*)

The *Alleman* and *Parker* actions have been settled and dismissed with prejudice. (*See* R. Doc. 157 ¶ 1.) The *Hollier* actions also settled except with respect to claims for nonpecuniary survival action damages and/or losses. (*Id.* ¶ 3.) On November 19, 2007, the Court dismissed with prejudice the *Hollier* plaintiffs' claims for nonpecuniary survival action damages and/or losses because it found that such damages were not permitted under the Death on High Seas Act ("DOHSA"), 46 U.S.C. § 761 (2004). (*See* R. Doc. 157 ¶ 2; *see also* R. Doc. 148.) The *Hollier* plaintiffs appealed this decision to the United States Court of Appeals for the Fifth Circuit. (*See* R. Doc. 159) The Fifth Circuit determined that the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333, and not DOHSA applied to plaintiffs' claims and remanded for further proceedings. The *Hollier* plaintiffs now assert that these further proceedings should take place in the Western District of Louisiana.

## II. LEGAL STANDARD

"For the convenience of the parties and the witnesses" and "in the interest of justice," the Court may transfer an action to any other district where the plaintiff could have filed suit. 28 U.S.C. § 1404(a). The party moving for transfer must first demonstrate that the action could have been brought in the

transferee court initially.  *See Hoffman v. Blaski*, 363 U.S. 335, 343-44; *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*In re Volkswagen I*).  The movant must then show "good cause" for transfer.  *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc).  To show good cause, the movant must satisfy the statutory requirements and clearly demonstrate that the transferee venue is "[f]or the convenience of parties and witnesses, in the interest of justice."  *Id.*

In determining whether transfer is appropriate, a district court considers the private and public interest factors enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive.  *In re Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)).  The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."  *Id.*

While the *Gilbert* factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive. *Id.* Moreover, no single factor is of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

## III. DISCUSSION

The *Hollier* plaintiffs' motion to transfer arises in a rather unique procedural posture. Judge Haik "partially transferred" the *Hollier* actions to this Court "only with respect to liability" and "retain[ed] jurisdiction over the issue of damages." (R. Doc. 171-4.) The *Hollier* actions are not yet at the damages phase because Omni's liability under OCSLA has yet to be determined. Accordingly, under the strict letter of Judge Haik's transfer order, the *Hollier* actions may still proceed before this Court.

On the other hand, the rationale for Judge Haik's partial transfer order was that a single liability determination with respect to the *Alleman, Parker* and *Hollier* actions would promote judicial economy and consistency. (*Id.*) This rationale no longer applies. The *Alleman* and *Parker* actions have been dismissed, and no common issues of liability remain. There is no indication that Judge Haik would have transferred the *Hollier* actions to this Court in the absence of the *Alleman* and *Parker* actions.

5

The *Hollier* plaintiffs correctly assert that retaining their
actions in this Court would now thwart judicial economy.  Doing
so would require an OCSLA liability trial in this Court and then
a separate damages trial in the Western District.  It makes no
sense to empanel two separate juries when the overlapping
liability and damages issues in these cases may be resolved by a
single jury in a matter of days.  The parties, the witnesses, the
jury members, the public and the courts – in short, the interest
of justice – would all benefit from a single trial in a single
district.

Omni does not dispute that the *Hollier* actions ultimately
should be returned to the Western District for a damages trial
pursuant to Judge Haik's partial transfer order.  (*See* R. Doc.
175.)  It nonetheless argues that determining OCSLA liability in
this Court would promote judicial efficiency.  Omni asserts that
the remaining liability issues are complex.  They will involve
allocation of fault between several parties and platform
interests.  Omni also asserts that only some but not all
witnesses are located in the Western District.  The Court rejects
these arguments because they fail to explain why it would be
relatively more efficient or convenient to conduct two separate
trials in the Eastern and Western districts than a single trial
in the Western District.  Again, the original rationale for
trying liability in the Eastern District was to achieve judicial

efficiency and consistency in connection with cases already filed here. Before Judge Haik transferred the cases, there was never a demonstrated nexus with this forum in terms of the parties, witnesses or place of the accident. (*See* R. Doc. 171-4.) Omni's arguments ignore the fact that the original rationale for the transfer no longer applies.

Omni additionally argues that numerous proceedings have already taken place before this Court, and that therefore this Court is in a better position to resolve outstanding liability issues than the Western District. The Court disagrees. The relevant issues the Court has dealt with have not involved defendants' liability for the accident, but rather whether plaintiffs were borrowed servants and whether they were entitled to receive nonpecuniary damages. (*See* R. Doc. 148.) Further, the remaining liability issues are not so complex that they cannot be efficiently and conveniently addressed by the Western District. The Western District will need to familiarize itself with these cases at some point in order to conduct its damages trial. Whatever experience this Court has developed over the course of this litigation does not overcome the inconvenience to the parties, the witnesses, the jury members, the public and the courts of conducting bifurcated trials. Accordingly, the Court finds that there is good cause to transfer the *Hollier* actions back to the Western District for further proceedings.

**IV. CONCLUSION**

For the reasons stated, plaintiffs motion to transfer is GRANTED.

New Orleans, Louisiana, this 12th day of November 2009

_Sarah Vance_
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE